UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
In Re:

    Tyrone Wallace
    dba Ni'Mani Entertainment,

        Debtor.

Case No. 14-10437 (jlg)
Chapter 13

----------------------------------------------------------------------x
    ***(Memorandum Endorsed Order Declining To
"So Ordered", see Attached .(JLG)***

# [SO ORDERED] STIPULATION REGARDING
# INTERIM DISTRIBUTION OF WITHHELD FUNDS

       This interim settlement agreement (the "Agreement") entered into between Tyrone A. Wallace d/b/a Ni'Mani Entertainment Group ("Wallace") and the Estate of David C. Williams (the "Estate") (collectively, the "Parties") is effective as of the date signed by the last Party to do so (the "Effective Date").

       **WHEREAS,** Wallace and the Estate are currently engaged in negotiations towards a complete settlement of claims pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Dispute"), under case number 14-10437 (jlg);

       **WHEREAS,** the American Society of Composers, Authors and Publishers ("ASCAP"), as a result of the Bankruptcy Dispute, is withholding both writer and publisher performance royalties proceeds (the "ASCAP Performance Royalties") derived from the song "Whole Lotta Shakin' Goin' On" that both Wallace and the Estate have claimed an interest and which are otherwise subject to the Bankruptcy Dispute;

       **WHEREAS,** each of the Parties requires use of a portion of the ASCAP Performance Royalties to cover professional fees and to otherwise effectively administrate their interests in the bankruptcy case and to resolve the Bankruptcy Dispute, and in the case of Wallace, for basic living expenses;

       **WHEREAS,** the Parties desire to jointly request that a portion of the ASCAP Performance Royalties be released and distributed to permit administration of the case on an interim basis, payment of professional fees, and to provide for general living expenses of the Debtor, as contemplated hereby, while a complete settlement of the Bankruptcy Dispute is finalized and approved.

**NOW, THEREFORE,** Wallace and the Estate hereby agree to permit and direct that ASCAP disburse a portion of the ASCAP Performance Royalties as follows

1. $20,000 shall be distributed to Wallace from the Publisher's share of the ASCAP Performance Royalties;

2. $20,000 to be distributed to Carl J. Nelson Law, P.C. for post-petition fees as an administrative expense from the Publisher's share of the ASCAP Performance Royalties, to be held in escrow subject to approval by this Court upon proper application.

3. $40,000 to be distributed to the Estate or its nominee from the Writer's share of the ASCAP Performance Royalties.

4. **ASCAP is hereby authorized and directed to immediately release and distribute, to the respective parties, the amounts set forth in Paragraphs 1-3 above.** Provided that ASCAP complies with the terms and conditions and directions set forth herein it shall not be liable to either party in connection with making said distributions.

5. Notwithstanding any distributions made hereunder Wallace anticipates that 100% of allowed claims will be paid pursuant to any confirmed plan in this case.

This stipulation shall be without prejudice to the ongoing negotiation of settlement in this bankruptcy case and to whatever claims, defenses, rights, obligations or remedies either Party may have against the other, provided further that each Party releases any right or claim in and to the distribution(s) the other has been authorized to receive hereunder

**IN WITNESS WHEREOF,** the undersigned have duly executed this Agreement as of the date indicated below:

By: _____  Date: _____
    Tyrone A. Wallace d/b/a
  Ni'Mani Entertainment Group


By: _____  Date: _____
  Sheral D. Jones, as Executor for the
    Estate of David C. Williams

Dated: New York, NY        So Ordered:
      , 2017

                              _____
                              U.S. BANKRUPTCY JUDGE

**MEMORANUM ENDORSED ORDER:**

The Court denies the request to "so order" this proposed Stipulation, without prejudice. Should the Parties hereto seek to have the Court consider the Stipulation, and have it "so ordered", the Parties may seek a hearing date from Chambers, and provide notice of such hearing under Federal Rule of Bankruptcy Procedure 2002(1)(3), including, but not limited to, the American Society of Composers, Authors and Publishers, and its counsel, if known, and all parties having filed Notices of Appearance in this case as of the date of entry of this Order.

Dated: New York, New York /s/ James L. Garrity, Jr.
     January 31, 2017                 United States Bankruptcy Judge